<pre>
                    UNITED STATES DISTRICT COURT
                 FOR THE WESTERN DISTRICT OF PENNSYLVANIA
                               AT ERIE
</pre>

| | | |
|---|---|---|
| RON DANDAR | ) | |
| | ) | |
|       *Petitioner*, | ) | CASE NO.   15-96-BR-SPB |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| | ) | |
| BRIAN COLEMAN and | ) | |
| ATTORNEY GENERAL OF | ) | |
| PENNSYLVANIA | ) | |
| | ) | |
|       *Respondent*. | ) | |
| | ) | |
| _____ | ) | |

## **ORDER ADOPTING REPORT AND RECOMMENDATION**

Before the Court is [3] the Petition for Writ of Habeas Corpus, and [7] Report and Recommendation of the Honorable Susan Paradise Baxter. As of this date, Petitioner has failed to file any timely objections. For the reasons stated below, the Court adopts the Report and Recommendation.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") states that a prisoner cannot file a "second or successive [habeas corpus] application" under 28 U.S.C. § 2254 without first receiving authorization from the Court of Appeals. 28 U.S.C. § 2244(b)(3). The Supreme Court interpreted a "second or successive" habeas corpus application to mean a subsequent application challenging the same state-court judgment. *Magwood v. Patterson*, 561 U.S. 320, 331 (2010).

As elaborated in Magistrate Judge Baxter's Report and Recommendation, Petitioner's most recent habeas petition is a second or successive petition, triggering the 28 U.S.C. § 2244(b)(3) requirements, because it challenges two judgments he has previously petitioned: his August 31, 1983 judgment of sentence and his February 6, 2004 probation revocation sentence.

By way of background, Petitioner filed a habeas petition in July 2002 challenging his August 31, 1983 judgment of sentence and a petition in December 2005 challenging his February 6, 2004 probation revocation judgment of sentence. Both of these habeas petitions were dismissed as untimely.[1] Because Petitioner did not seek authorization from the Court of Appeals, the Court lacks jurisdiction over the habeas petition. *Burton v. Stewart*, 549 U.S. 147, 149 (2007).

Accordingly, the Court orders as follows:

(1) The Court ADOPTS the Report and Recommendation and finds that the Court lacks jurisdiction over Petitioner's petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, as amended by the Antiterrorism and effective Death Penalty Act of 1996 ("AEDPA").

(2) No Certificate of Appealability will be granted.

(3) The Clerk of Court shall CLOSE this case; and

(4) The Clerk shall send copies of this Order the parties, and to Magistrate Judge Baxter.

**IT IS SO ORDERED.**

DATED this 25th day of September, 2015.

*Barbara J Rothstein*

_____
BARBARA J. ROTHSTEIN
UNITED STATES DISTRICT JUDGE

---

[1] AEDPA generally requires that a petition for habeas corpus made pursuant to 28 U.S.C. § 2254 be filed within one year of the date that petitioner's judgment of sentence became final. 28 U.S.C. § 2244(d)(1)(A) (1996). Thus, Petitioner's previous habeas petitions were dismissed as untimely since his first petition challenging his August 31, 1983 judgment was filed almost nine years later and his initial petition challenging his February 6, 2004 judgment was also filed past the one-year statutory deadline.